FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS** 16 SEP -9 PM 1:51
**AUSTIN DIVISION**

CLERK. U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____
DEPUTY CLERK

**THE STATE OF TEXAS,**
 **Plaintiff,**

-vs-                                          **Case No. A-16-CA-863-SS**

**ROSSER B. MELTON, JR.,**
 **Defendant.**

---

# O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Plaintiff's Motion to Remand [#10] and Defendant's Response [#14] in opposition. Having considered the documents, the governing law, and the case file as a whole, the Court now enters the following opinion and orders GRANTING the motion.

## Background

In this case, the Texas Attorney General, on behalf of the State of Texas, brings an action against Plaintiff Rosser B. Melton, Jr. under § 2001.202 of the Texas Government Code to enforce a final order against Melton issued by the Texas Board of Professional Engineers (Board). *See* Mot. Remand [#10] ¶ 2. The Board's final order, issued on November 19, 2015, assessed $3,900.00 in administrative penalties and $359.09 in court costs against Melton for violations of the Texas Occupations Code. *See id.* ¶ 1. Specifically, the Board found Melton, who is not a licensed professional engineer, represented himself as a "private engineer" in an engineering type document. *See id.* On January 12, 2016, Melton's motion for rehearing was overruled and the Board's order became final and appealable. *See id.* Melton failed to seek judicial review of the order as prescribed by §§ 2001.171 and .176 of the Texas Government Code. *See id.* The State sued Melton in the

201st Judicial District Court in Travis County, Texas, to compel Melton's compliance with the Board's order. *See id.* ¶ 2.

On July 13, 2016, Melton filed a Notice of Removal [#1] in this Court. The State then filed this Motion to Remand [#10] and Melton filed his Response [#14]. The motion is now ripe for review.

**Analysis**

## I.     Legal Standard

In general, a defendant may remove a civil action if a federal court would have had original jurisdiction over one or more of the plaintiff's claims. *See* 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The well-pleaded-complaint rule has long governed whether a case 'arises under' federal law for purposes of § 1331." *Holmes Grp., Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002). Under this rule, a case "arises under" federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 27–28. Moreover, the federal question "must be disclosed upon the face of the complaint, unaided by the answer . . . ." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). "[T]he complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense." *Id.* at 113. The corollary is that a federal defense alone is not a basis for federal jurisdiction. *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).

-2-

## II.    Application

The State claims this Court does not have federal question jurisdiction under 15 U.S.C. § 1331. *See* Mot. Remand [#10] ¶ 4. Further, because Melton lacked "an objectively reasonable basis for seeking removal," the State argues it is entitled to "just costs and . . . actual expenses, including attorney fees, incurred as a result of the removal" under 28 U.S.C. § 1447(c). *See id.*

### A.    Removal

The Court first looks to the State's complaint to determine whether "federal law creates the cause of action or . . . the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax. Bd. of Cal.,* 463 U.S. at 27–28. The State's single cause of action arises under § 2001.202(a)(2) of the Texas Government Code, which allows "[t]he attorney general, on the request of a state agency to which it appears that a person is . . . failing or refusing to comply with a final order[, to] bring an action in a district court . . . to compel compliance with the final order . . . ." No element of this claim arises under federal law.

Further, the State's right to relief does not depend on the resolution of a substantial question of law. Melton argues the "state licensing boards as presently constituted are essentially illegal under [the U.S. Supreme Court's decision in *North Carolina Board of Dental Examiners v. FTC*, 135 S. Ct. 1101 (2015)], so that actions of boards are federal law violations, and surely there's a substantial, disputed federal question here!" Resp. [#14] at 3. The *Board of Dental Examiners* involved an Federal Trade Commission (FTC) action against the North Carolina State Board of Dental Examiners (North Carolina Board). 135 S. Ct. at 1107–09. Because the majority of the members of the North Carolina Board were licensed, practicing dentists, the FTC alleged its regulation of the practice of dentistry constituted "an anticompetitive and unfair method of competition." *Id.* at 1109.

-3-

The North Carolina Board claimed they were entitled to immunity under the Supreme Court's *Parker v. Brown* decision, which held that federal antitrust laws confer "immunity on anticompetitive conduct by the States when acting in their sovereign capacity." *Id.* at 1110 (citing *Parker v. Brown*, 317 U.S. 341, 350–51 (1943)). The Court held the North Carolina Board could not invoke *Parker* immunity because it did not show it was subject to active supervision by the state. *Id.* at 1116–17.

The Court disagrees with Melton that the Supreme Court's *Board of Dental Examiners* decision rendered all state licensing boards illegal. More importantly, the holding in *Board of Dental Examiners* does not introduce a substantial question of law on which the State's right to relief depends.[1]

Melton also asserts the State "should have gone ahead and tried to plead against [*Board of Dental Examiners*], which would have made this a fair federal question case." Notice Removal [#1] ¶ 3. In light of *Board of Dental Examiner*'s holding, it seems Melton is arguing the State's action to enforce the final order is barred on federal antitrust grounds for which the Board cannot claim *Parker* immunity. *See* Notice Removal [#1] ¶¶1–4; Resp. [#14] at 2 ("The AG and the engineer board are in violation of the Sherman Antitrust Act and should be barred from pleading . . . ."). This argument amounts to a defense or counterclaim, neither of which can confer federal jurisdiction. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [or] counterclaim.").

---

[1] The Court also dismisses Melton's argument to the extent he claims federal law pre-empts the State's claims. While "[o]n occasion, . . . the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," that is not the case here. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 65 (1987)).

In sum, Melton has failed to establish federal question subject matter jurisdiction. The Court REMANDS this case to the state court.

### B.      Costs and Attorney's Fees

In remanding the case, the Court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Supreme Court in *Martin* explained, "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id.* at 140.

As illustrated above, there was no objectively reasonable basis for the removal of this case. The State's cause of action does not involve or depend upon the resolution of a federal question. And the Supreme Court's decision in *Board of Dental Examiners* does not transform the State's state law claim into a federal question. Ultimately, Melton's argument that federal antitrust law bars the State's action constitutes a defense or counterclaim, neither of which confers federal jurisdiction. Thus, after considering the State's affidavit, the Court awards the State $2,100 in just costs and attorney's fees.

The Court recognizes that Melton is proceeding *pro se*. While the Court does not lightly impose costs or sanctions at any time, it is particularly cautious when the plaintiff appears *pro se*. Here, however, the Court's award is justified even in light of Melton's *pro se* status. Melton failed

to appeal the Board's order, as was his right under Sections 2001.171 and .176 of the Texas Government Code, and cannot now use a removal proceeding to attack the Board's final order. *See LaChance v. Talmadge*, 273 F.3d 1108 (5th Cir. 2001) (affirming district court's award of attorney's fees and costs against the removing *pro se* party).

## Conclusion

Accordingly,

IT IS ORDERED that Plaintiff the State of Texas's Motion to Remand [#10] is GRANTED;

IT IS FURTHER ORDERED that the Clerk shall REMAND the above-styled cause to the 201st Judicial District Court of Travis County, Texas, for further proceedings;

IT IS FINALLY ORDERED, ADJUDGED, and DECREED that the removing party Defendant Rosser B. Melton shall pay to Plaintiff the State of Texas the sum of TWO THOUSAND ONE HUNDRED DOLLARS ($ 2,100.00) as costs and attorney's fees under 28 U.S.C. § 1447(c), for which let execution issue.

SIGNED this the 9th day of September 2016.

*Sam Sparks*

SAM SPARKS
UNITED STATES DISTRICT JUDGE